IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| ROSHANDA SMITH )<br>  3933 NW 85th Street Terrace, C )<br>  Kansas City, MO 64154 )<br>)<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF KANSAS CITY, MISSOURI, )<br>    Serve: Person in Charge of Office )<br>          Office of the City Attorney )<br>          414 E. 12th St., 28th Floor )<br>          Kansas City, MO 64106 )<br>)<br>)<br>    Defendant. ) | Case No.<br><br><br>**DEMAND FOR JURY TRIAL** |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Roshanda Smith for her Petition against Defendant states as follows.:

1. Plaintiff Roshanda Smith (hereinafter, "Plaintiff" or "Smith") is an African-American female, a United States citizen, and a resident of the State of Missouri, residing in Kansas City, Platte County, Missouri.

2. Defendant City of Kansas City, Missouri ("Defendant" or "City") is a Missouri charter city. The City is a citizen of Missouri.

3. As a municipality, Defendant is an arm and/or agent of the State of Missouri.

4. Defendant's actions, inactions, omissions, and/or misconduct as alleged herein occurred by and/or through its agents, servants, and/or employees acting within the course and

scope of their employment and/or under color of state law, statute, ordinance, regulation, pattern, policy, procedure, custom, and/or usage.

5. The unlawful and discriminatory acts complained of herein occurred in Jackson County, Missouri, making this Court an appropriate forum.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff Roshanda Smith was a security guard with Uniguard/ISS ("ISS"). She was assigned to work at City Hall, Jackson County, Missouri.

7. During the relevant time frame, Defendant contracted with ISS to provide security guards for City Hall and other City locations.

8. While working at City Hall, Smith was under the supervision of Shirley Black, a manager with Defendant.

9. Black, a management employee with Defendant, was responsible for and the final decisionmaker in establishing and enforcing the rules and guidelines for the City Hall security guards and was responsible for overseeing their performance while they were working at City Hall.

10. Throughout Smith's employment while stationed at City Hall, Black continually held Smith and the other black security guards to different standards than the white security guards and continually harassed the black security guards.

11. Black would watch black security guards including Smith on camera while white security guards were not being similarly monitored and would unfairly criticize Smith and other black security guards, threatening them with disciplinary write ups for allegedly failing in their performance. Black did not act similarly toward white security guards.

12. For example, Black would watch Smith on camera at her desk and complain

continually about Smith's work performance. Black would require black security guards including Smith to patrol outside in below freezing weather and would not require the same of white security guards. Black would follow Smith to her car and monitor how Smith parked at City Hall. White security guards were not being similarly monitored and were not subjected to continual criticism about their performance.

13. Additionally, Black gave Smith and another African American guard a disciplinary write-up when an employee without a badge went through the security station. Two white security guards who had previously allowed the employee to go through the security station without a badge were not disciplined.

14. Black security guards including Smith were also criticized for allegedly not wanding visitors correctly, while the white security guards would not be disciplined for minimal wanding or failing to wand at all.

15. While under Black's supervision, Smith was written up, threatened with write-ups and continually admonished at work on almost a daily basis, while white security guards were not subjected to the same scrutiny, discipline or treatment.

16. Smith complained to Black and ISS management about the discriminatory, harassing and retaliatory actions. Despite Smith's complaints and ISS having several meetings with Black and Black's managers about Black's unlawful behavior, Black continued her discriminatory and retaliatory actions toward black security guards including Smith.

17. Throughout Smith's tenure with Defendant, Smith complained to her ISS onsite manager, James Philpot, about the unlawful treatment to which she was being subjected. Philpot would tell Smith that his "hands were tied" by Black and Defendant and he couldn't do anything to help.

18. When Smith asked Philpot to meet with the security guards to address the discrimination and retaliation to which the black security guards were being subjected, Philpot met with Black about the complaints.

19. After that meeting, Philpot told Smith she had to leave the premises and Black deactivated Smith's badge and Smith was told to leave City Hall resulting in Smith's termination from her position.

20. Defendant's unconstitutional patterns, policies, practices, and/or customs of persistently depriving African American individuals, including Plaintiff, of rights, privileges, and/or immunities include, but are not limited to:

    a. scrutinizing and criticizing the work black security guard disproportionately to that of white security guards;

    b. disrupting the work performed by African American security guards; threatening and disciplining African American security guards for alleged performance issues while not disciplining Caucasian guards for the same issues;

    c. setting up African American guards to be disciplined and/or fired but not setting up Caucasian guards to be disciplined and/or fired;

    d. looking for reasons to discipline and/or fire African American security guards;

    e. failing to investigate claims of discrimination or failing to act on such complaints;

    f. failing to adequately train or supervise its employees with respect to harassment, discrimination, retaliation, and/or hostile work environment;

    g. treating Caucasian security guards preferentially over African American security guards:

h. retaliating or permitting its employees to retaliate, and/or failing to take appropriate steps to prevent or eliminate retaliation, against individuals who report harassment, discrimination, and/or a hostile work environment;

i. failing to adequately train its employees with respect to harassment, discrimination, retaliation, and/or hostile work environment;

j. failing to adequately investigate complaints of discrimination, harassment, retaliation, and/or hostile work environment;

k. failing to implement prompt and effective remedial action to end the discrimination, harassment, retaliation, and/or the hostile work environment to which African Americans, including Plaintiff, were subjected when Defendant knew or should have known of the discrimination, harassment, retaliation, and/or the hostile work environment.

21. Despite complaints by Smith and ISS managers to Black and Black's managers, Black's unlawful behavior continued.

22. Defendant failed to remedy the ongoing and pervasive discrimination and harassment toward Smith and other African American security guards showing deliberate indifference to or tacit authorization of such conduct.

23. Defendant's ongoing failure to train or supervise Black even after being notified of Black's unlawful behavior, resulted in Black's discriminatory and retaliatory actions to continue unhindered.

### COUNT I – VIOLATION OF 42 U.S.C. SECTION 1981 THROUGH 42. U.S.C. SECTION 1983

24. Plaintiff incorporates by reference each and every factual allegation contained in paragraphs 1 through 23, as if more fully set out herein.

25. Defendant's actions constitute unlawful discrimination on the basis of race in violation of 42 U.S.C. § 1981 through 42 U.S.C. § 1983.

26. As described above, Defendant subjected African American security guards including Plaintiff to a hostile work environment and discriminatory work environment on the basis of race in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, et seq. through 42 U.S.C. Section 1983.

27. All of the foregoing conduct was unwelcome, based on Plaintiff's race and sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and created an abusive atmosphere.

28. Defendant is accountable under 42 U.S.C. § 1983 because it deprived Plaintiff, based on her race, of her right to make and enforce contracts on the same terms as enjoyed by white persons, in violation of 42 U.S.C. § 1981.

29. In addition or in the alternative, Defendant is accountable under 42 U.S.C. § 1983 for its violations of 28 U.S.C. § 1981, 28 U.S.C. § 1983, and/or for violating Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution because Defendant's actions, inactions, omissions, misconduct, patterns, policies, practices, and/or customs as alleged herein show Defendant's deliberate and/or reckless indifference to the rights of Plaintiff and those similarly situated.

30. As a direct and proximate result of the violations described herein, Plaintiff has suffered damages and continues to suffer damages in the form of lost wages and emotional distress.

31. The actions of Defendant were willful, wanton, and with malice or reckless disregard for the rights of Smith, entitling her to punitive damages.

EXHIBIT B

WHEREFORE, Plaintiff prays judgment against Defendant, for her economic, compensatory and punitive damages suffered as a result of Defendants' actions, for injunctive relief, for reasonable attorney's fees, for her costs and expenses incurred herein, and for such further relief as may be just and equitable.

### COUNT II - RETALIATION UNDER SECTION 1981 THROUGH 42 U.S.C. SECTION 1983

32. Plaintiff incorporates by reference each and every factual allegation contained in paragraphs 1 through 31, as if more fully set out herein.

33. While engaging in protected activity, black security guards including Smith has suffered retaliation in the form of increased harassment, unfair discipline, termination, lost wages and lost business opportunities.

34. Further, as described above, Defendant's actions caused Smith emotional harm in the form of humiliation and embarrassment.

35. The actions of Defendant are in violation of 42 U.S.C. §1981 through 42 U.S.C. §1983, in that Defendant coerced, intimidated, threatened, or interfered with black security guards including Smith following her exercise of rights granted or protected by the statute.

36. As a direct and proximate result of this retaliation, Smith has suffered and continues to suffer damages in the form of lost income and emotional distress.

37. The actions of Defendant were willful, wanton, and with reckless disregard for the rights of Smith, entitling her to punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendant, for her damages suffered as a result of Defendant's actions, for injunctive relief, for reasonable attorney's fees, for her costs, interest and expenses incurred herein, and for such further relief as may be just and equitable.

7

Case 4:22-cv-00025-LMC   Document 1-2   Filed 01/14/22   Page 7 of 20

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

Respectfully submitted,

**THE POPHAM LAW FIRM**

/s Dennis E. Egan
DENNIS E. EGAN, Mo #27449
712 Broadway, Suite 100
Kansas City, Mo 64105
Telephone: (816) 221-2248
Email: degan@pophamlaw.com

**HOLMAN SCHIAVONE, LLC**

By: /s/ *Tiffany B. Klosener*
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: tklosener@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**ROSHANDA SMITH**,

                **PLAINTIFF(S)**,        **CASE NO. 2116-CV26693**

**VS.**                                          **DIVISION 14**

**CITY OF KANSAS CITY, MISSOURI**,

                **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

___

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JOHN M. TORRENCE** on **23-MAR-2022** in **DIVISION 14** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.    A trial setting;

      b.    Expert Witness Disclosure Cutoff Date;

      c.    A schedule for the orderly preparation of the case for trial;

      d.    Any issues which require input or action by the Court;

      e.    The status of settlement negotiations.

2116-CV26693                Page 1 of 2              DMSNCMCIV (2/2017)

Case 4:22-cv-00025-LMC   Document 1-2   Filed 01/14/22   Page 9 of 20

**EXHIBIT B**

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JOHN M. TORRENCE**
JOHN M. TORRENCE**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
DENNIS EDWARD EGAN, THE POPHAM LAW FIRM, P.C., 712 BROADWAY, SUITE 100, KANSAS CITY, MO 64105

Defendant(s):
CITY OF KANSAS CITY, MISSOURI

Dated: 09-DEC-2021

MARY A. MARQUEZ
Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: | Case Number: 2116-CV26693 |
|---|---|
| JOHN M. TORRENCE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| ROSHANDA SMITH | DENNIS EDWARD EGAN |
| | THE POPHAM LAW FIRM, P.C. |
| | 712 BROADWAY |
| | SUITE 100 |
| vs. | KANSAS CITY, MO 64105 |
| Defendant/Respondent: | Court Address: |
| CITY OF KANSAS CITY, MISSOURI | 415 E 12th |
| Nature of Suit: | KANSAS CITY, MO 64106 |
| CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CITY OF KANSAS CITY, MISSOURI
**Alias:**
CITY ATTY OFFC.- PERSON IN CHARGE
414 E. 12TH ST., 28TH FLOOR
KANSAS CITY, MO 64106



*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-DEC-2021
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
                              Date                    Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage          $_____ (_____ miles @ $._____ per mile)
**Total**        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 21-SMCC-11486  1 of 1  Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00025-LMC   Document 1-2   Filed 01/14/22   Page 1 of 20

EXHIBIT B

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

EXHIBIT B

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| ROSHANDA SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2116-CV26693 |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## APPLICATION FOR CHANGE OF JUDGE

COMES NOW Plaintiff, Roshanda Smith, pursuant to Mo. R. Civ. P. 51.05, and respectfully files this Application for Change of Judge. Ms. Smith requests that the procedures in Rule 51.05 be followed, such that this case be reassigned to another Judge in this Court.

A copy of this Application will be presented to the Court at the time of its filing.

Respectfully submitted,

**THE POPHAM LAW FIRM**

/s Dennis E. Egan
DENNIS E. EGAN, Mo #27449
712 Broadway, Suite 100
Kansas City, Mo 64105
Telephone: (816) 221-2248
Email: degan@pophamlaw.com

**HOLMAN SCHIAVONE, LLC**

By: /s/ *Tiffany B. Klosener*
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Email: tklosener@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT B**

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing was filed via ECF filing this 10th day of December 2021.

              /s/ Dennis E. Egan
              ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - December 10, 2021 - 02:00 PM

EXHIBIT B

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| ROSHANDA SMITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2116-CV26693 |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| Defendant. ) | |

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff Roshanda Smith's Application for Change of Judge is **GRANTED**. The above-captioned matter will be reassigned to another division of this circuit court.

IT IS SO ORDERED.

Date:_____   _____
PRESIDING JUDGE

Electronically Filed - Jackson - Kansas City - December 10, 2021 - 02:00 PM

Case 4:22-cv-00025-LMC   Document 1-2   Filed 01/14/22   Page 15 of 20

**EXHIBIT B**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**ROSHANDA SMITH V CITY OF KANSAS CITY, MISSOURI**

CASE NO: **2116-CV26693**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL  ☐ CRIMINAL  ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge  ☐ Recusal  ☐ Certification  ☐ Request for Jury
☐ Change of Venue to _____  ☐ Reciprocal Case  ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division ____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division ____ in exchange for Case # _____.

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

DECEMBER 17, 2021
DATE

_[signature]_
JUDGE

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division ____ pursuant to Circuit Court Rule.

☐ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

DATE  JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____.

Data Entry Copy

RECEIVING JAA: _____



 IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division: <br> JOHN M. TORRENCE | Case Number: 2116-CV26693 |
|---|---|
| Plaintiff/Petitioner: <br> ROSHANDA SMITH | Plaintiff's/Petitioner's Attorney/Address <br> DENNIS EDWARD EGAN <br> THE POPHAM LAW FIRM, P.C. <br> 712 BROADWAY <br> SUITE 100 <br> KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent: <br> CITY OF KANSAS CITY, MISSOURI | Court Address: <br> 415 E 12th <br> KANSAS CITY, MO 64106 |
| Nature of Suit: <br> CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CITY OF KANSAS CITY, MISSOURI
 Alias:
CITY ATTY OFFC.- PERSON IN CHARGE
414 E. 12TH ST., 28TH FLOOR
KANSAS CITY, MO 64106

COURT SEAL OF
JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-DEC-2021
Date                                    Clerk

Further Information:

### PUBLIC OR QUASI-PUBLIC CORPORATION OR BODY

I certify that I have served the within summons in Jackson County, Missouri, upon the within named public or quasi-public corporation or body, defendant City of Kansas City MO,
by leaving a copy of the summons and a copy of the petition with:
☐ COUNTY: _____
CLERK OF THE JACKSON COUNTY LEGISLATURE
☒ CITY: Tim Entz
 ☐ MAYOR     ☐ CITY CLERK    ☒ CITY ATTORNEY
☐ OTHER: _____                                  ☐ CHIEF EXECUTIVE OFFICER
 ☐ STATED HE WAS LAWFULLY DESIGNATED TO RECEIVE SERVICE

Place of Service 414 E 12th KCMO
Date of Service 12-16-21
Time of Service 10:32 AM

DEPARTMENT OF CIVIL PROCESS
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
BY _____
 DEPUTY

CIRCT 3055- 12/13

| | |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 21-SMCC-11486  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00025-LMC   Document 1-2   Filed 01/14/22   Page 17 of 20   **EXHIBIT B**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

**ROSHANDA SMITH V CITY OF KANSAS CITY, MISSOURI**

CASE NO: **2116-CV26693**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL ☐ CRIMINAL ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge ☐ Recusal ☐ Certification ☐ Request for Jury
☐ Change of Venue to _____ ☐ Reciprocal Case ☐ Other _____

☐ By agreement of the Judges, this cause is transferred directly to Division ____ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division ____ in exchange for Case # _____.

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

DECEMBER 17, 2021
DATE                                              JUDGE

## ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division 4 pursuant to Circuit Court Rule.

[X] The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

04-Jan-2022
DATE                                              JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on ____04-Jan-2022____.

Data Entry
Copy

RECEIVING JAA: _____

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

ROSHANDA SMITH,
        Plaintiff,                            CASE NO. 2116-CV26693
vs.                                                  DIVISION 4

CITY OF KANSAS CITY, MISSOURI,
        Defendant.

## NOTICE OF CIVIL CASE MANAGEMENT CONFERENCE

        NOTICE IS HEREBY GIVEN that a Case Management Conference (CMC) will be held with the **Honorable Justine E. Del Muro – Division 4 – on 04-FEB-2022 at 09:00 AM.** CMCs are currently held by Webex. Please join Webex by 8:50 a.m. to be admitted and use the following link to join: https://mocourts.webex.com/meet/justine.delmuro.

        At the Case Management Conference:

- Attorneys designated as lead counsel shall appear for case management.
- The parties shall be prepared to advise the court of the issues remaining for trial.
- The parties will be ordered to prepare a scheduling order to avoid the late filing of dispositive motions and allow full and open discovery. The parties will be asked to discuss mediation.
- The parties shall be prepared to set the matter for trial.
- All trial dates are specially set and therefore continuances will not be freely granted.
- Failure to appear for cases management may result in dismissal of the case.

DATE: JANUARY 4, 2022                             JUSTINE E. DEL MURO, JUDGE

cc:
DENNIS EDWARD EGAN, THE POPHAM LAW FIRM, P.C., 712 BROADWAY, SUITE 100, KANSAS CITY, MO 64105

**EXHIBIT B**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| ROSHANDA SMITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF KANSAS CITY, MISSOURI, )<br>)<br>Defendant. ) | Case No. 2116-CV26693<br><br>DEMAND FOR JURY TRIAL |

### ENTRY OF APPEARANCE

COMES NOW Tiffany Klosener, and enters her appearance as additional counsel for Plaintiff, Roshanda Smith.

Respectfully submitted,

**HOLMAN SCHIAVONE, LLC**

By: /s/ *Tiffany B. Klosener*
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Email: tklosener@hslawllc.com

**THE POPHAM LAW FIRM**

DENNIS E. EGAN, Mo #27449
712 Broadway, Suite 100
Kansas City, Mo 64105
Telephone: (816) 221-2248
Email: degan@pophamlaw.com
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via ECF filing this 6th day of January, 2022.

/s/ Tiffany Klosener
ATTORNEY FOR PLAINTIFF